UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER, CDCR #C-59515,<br><br>                              Plaintiff,<br><br>vs.<br><br>AMY MILLER, Warden, et al.,<br><br>                              Defendants. | Civil No.   14cv1847 GPC (BGS)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTIONS TO PROCEED** *IN FORMA PAUPERIS* **AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[ECF Doc. Nos. 8, 9]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

James W. Brammer ("Plaintiff"), proceeding pro se and currently incarcerated at Pleasant Valley State Prison, in Coalinga, California, filed a civil rights complaint ("Compl.") in the Northern District of California pursuant to 42 U.S.C. § 1983 on July 25, 2014 (ECF Doc. No. 7), followed by two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) on July 25 and 30, 2014 (ECF Doc. Nos. 8, 9).

/ / /

/ / /

On August 4, 2014, however, U.S. District Judge Charles R. Breyer determined that because a substantial part of the events or omissions giving rise to the claims alleged in Plaintiff's Complaint occurred in Imperial, California, at Centinela ("CEN") State Prison, and the Defendants are all alleged to be employed at CEN, venue was proper in the Southern District of California. *See* 28 U.S.C. § 84(d), § 1391(b). Therefore, Judge Breyer transferred the case here pursuant to 28 U.S.C. § 1406(a), and did not rule on Plaintiff's pending Motions to Proceed IFP (ECF Doc. Nos. 8, 9) prior to transfer. *See* Aug. 4, 2014 Order of Transfer (ECF Doc. No. 10).

## I.

## MOTIONS TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous

prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.
### APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff alleges CEN officials violated the First, Eighth, and Fourteenth Amendment rights of the "SNY" (special needs yard) prisoners on CEN's "D" Facility on unspecified occasions by improperly screening their administrative grievances and "mis-classifying" their "RVR's" (rules violations reports). *See* Compl. at 3-5.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.*
/ / /

*Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, James William Brammer, CDCR #C-59515, while incarcerated, has brought more than three prior civil actions and appeals which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

They are:

1) *Brammer v. Garcia, et al.*, S. D. Cal. Civil Case No. 3:97-cv-1075-J-JAH (S.D. Cal. June 15, 1998 Order Granting Defendants' Motion to Dismiss First Amended and Supplemental Complaint for failing to exhaust administrative remedies and *for failing to state a claim* pursuant to FED.R.CIV.P. 12(b), 12(b)(6) and 42 U.S.C. § 1997e(a)) (emphasis added) (ECF Doc. No. 76); and (Oct. 26, 1998 Certified Copy of Judgment from USCA dismissing appeal) (ECF Doc. No. 83) (strike one);

2) *Brammer v. Rocha, et al.*, E.D. Cal. Civil Case No. 2:03-cv-01176-WBS-DAD (June 14, 2004 Order Adopting Findings and Recommendations ("F&Rs") to Dismiss Amended Complaint for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b) and transferring remaining claims to S.D. Cal.) (ECF Doc. No. 24); and S.D. Cal. Civil Case No. 3:04-cv-1223-W-PCL (July 12, 2005 Order Dismissing Third Amended Complaint for failing to state a claim without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2) (ECF Doc. No. 12); 225 Fed. Appx. 678, 2007 WL 867760 (9th Cir. March 21, 2007) (Memorandum); and (April 17, 2007 USCA Judgment affirming the judgment of the USDC) (ECF Doc. No. 18) (strike two);

3) *Brammer v. Mendoza-Powers, et al.,* E.D. Cal. Civil Case No. 1:10-cv-01261-AWI-GBC (F&Rs re Dismissal of Action, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2) and § 1915(e)(2)(B)(ii)) (ECF Doc. No. 20), 2012 WL 1130616 (E.D. Cal. March 30, 2012); (Aug. 8, 2012 Order & Judgment Adopting F&Rs and Dismissing Action with prejudice

/ / /

for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and (2)) (ECF Doc. Nos. 21, 22) (strike three); and

    4)    *Brammer v. Richards, et al.*, C.D. Cal. Civil Case No. 2:12-cv-08091-MWF-RNB (March 4, 2014 Order and Judgment accepting F&Rs to Dismiss Second Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c)(1)) (ECF Doc. Nos. 29, 33, 34); and (June 10, 2014 Order by Ninth Circuit denying appellant's motion to proceed in forma pauperis, confirming district court's certification to revoke plaintiff's IFP status on grounds that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and finding Ninth Circuit Appeal No. 14-55479 "frivolous") (ECF Doc. No. 41) (strikes four and five).[1]

    Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

/ / /

/ / /

---

[1] The Court has determined that all these cases have ripened into "strikes" under § 1915(g) because in each case, Plaintiff either exhausted his right to appeal, "did not appeal," or "his time to file a direct appeal expired," before he sought leave to proceed IFP in this case on July 25, 2014, and July 30, 2014. *See Silva v. Vittorio*, 658 F.3d 1090, 1100 & n.6 (9th Cir. 2011) (holding that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.").

## III.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF Doc. Nos. 8, 9) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);[2] and

(3) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: October 23, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[2] If Plaintiff wishes to pursue his claims while he is incarcerated, he must commence a new and separate civil action by filing a complaint pursuant to FED.R.CIV.P. 3 which is accompanied by the $400 in civil and administrative filing fees required by 28 U.S.C. § 1914(a). Plaintiff is further cautioned that because he is not eligible to proceed IFP, he will also not be entitled to the U.S. Marshal service authorized by 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3). Finally, while Plaintiff is a prisoner, any complaint he files will be subject to the screening required by 28 U.S.C. § 1915A(a) and dismissed sua sponte if it is found frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, regardless of whether he has paid the full filing fee. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening requirements).